**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JAMES HOLLAND, #40999-018,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:09-CV-1396-B |
| | § | |
| **FEDERAL BUREAU OF PRISONS, and** | § | |
| **WARDEN CRUZ,** | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for writ of habeas corpus filed by a federal prisoner pursuant to 28 U.S.C. § 2241.

Parties: Petitioner James Holland ("Holland") is presently incarcerated within the Federal Bureau of Prisons (BOP) at FCI Seagoville in Seagoville, Texas. Respondents are the BOP and FCI Seagoville Warden Cruz. The court issued process in this case.[1]

Statement of the Case: Holland is presently serving an 87-month sentence with a three-year term of supervised release from the Middle District of Florida, for possession and distribution of child pornography. According to the BOP, he is projected to satisfy his sentence on February 27, 2010, via good conduct time release.

---

[1] Respondents correctly note that the warden having custody over the Petitioner is the proper respondent in this § 2241 action. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

In the habeas corpus petition, filed on July 28, 2009, Petitioner challenges the Unit Team recommendation that he be placed in a halfway house or Residential Reentry Center (RRC) for 30 to 45 days. He requests the court to grant him the maximum allowable time in a RRC so that he can have sufficient time to transition from a correctional institution to society. In support, he cites his unique re-entry needs – i.e., mental illness, addiction to alcohol and drugs, history of unemployment and homelessness, and insufficient financial and family/friend resources.

In response to this court's order to show cause, Respondent filed a response seeking dismissal of the petition for failure to exhaust administrative remedies and for failure to state a claim. Petitioner has objected.

<u>Findings and Conclusions:</u>  A federal petitioner seeking relief pursuant to 28 U.S.C. § 2241 must first exhaust his/her administrative remedies through the Bureau of Prisons. *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994); *United States v. Gabor,* 905 F.2d 76, 78 n. 2 (5th Cir. 1990); *United States v. Smith,* 869 F.2d 835, 837 n. 1 (5th Cir. 1989). "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller*, 11 F.3d at 62. Exceptions to the exhaustion requirement apply only in "extraordinary circumstances," and petitioner bears the burden of demonstrating the futility of administrative review. *Id.*

Holland has not exhausted his administrative remedies. He concedes as much in his federal petition. (Pet. at 4-5). He, argues, however, that exhaustion should be waived in his case because pursuit of further administrative relief is futile and will became moot due to the passage of time. (*Id.* at 5-6).

2

Holland has failed to carry his burden to show futility of administrative review. He has not shown that available administrative remedies are either unavailable or wholly inappropriate to the relief sought. Nor has he shown that exhausting his claim administratively is futile in the sense that the BOP routinely denies claims such as his. He merely argues that the BOP has essentially predetermined his claim. "However, 'the mere fact that Petitioner believes his administrative review will be denied does not make this remedy futile.'" *Kennedy v. Berkebile*, 2009 WL 151207, No. 3:08cv2067-M, *2 (N.D. Tex. Jan. 20, 2009) (quoted cases omitted); *Wy v. Berkebile*, No. 3:08cv1894-G, 2008 WL 5262711, *3 (N.D. Tex. Dec. 17, 2008) (even if the BOP is likely to deny relief, it does not make exhaustion futile).

Holland claims that further exhaustion would render his remedy moot because by the time the administrative remedy process has been completed, his release date will have come and gone. This, in and of itself, is not such an extraordinary circumstance that would warrant waiver of the exhaustion requirement. The Supreme Court has required even inmates who may be entitled to immediate release to exhaust their administrative remedies. Confronted with the argument "that to require exhaustion of state remedies ... would deprive a ... prisoner of the speedy review of his grievance which is so often essential to any effective redress," the Court acknowledged that "exhaustion of ... remedies takes time" but concluded that "there is no reason to assume that ... prison administrators ... will not act expeditiously." *Preiser v. Rodriguez,* 411 U.S. 475, 494-95, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). In short, Petitioner has not shown the extraordinary circumstances necessary to exempt him from the exhaustion requirement.

Accordingly, the petition should be dismissed for failure to exhaust administrative

remedies.[2]

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be DISMISSED without prejudice for failure to exhaust administrative remedies.

Signed this 2nd day of October, 2009.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

---

[2] Contrary to Respondent's assertion, the exhaustion requirement in § 2241 cases is not jurisdictional. *Mihailovich v. Berkebile*, 2007 WL 942091, at *5-7, No. 3:06cv1603-N (N.D. Tex. 2007) (recommendation accepted by District Court).